[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have filed this appeal from the granting of a Certificate of Approval by the defendant Planning Commission.
On or about April 25, 1991 the South Meriden Volunteer Fire Department filed an application for a Certificate of approval to the Planning Commissioner of the City of Meriden. The application related to an addition to an existing fire station which was owned by the City of Meriden. The fire station property is adjacent to the property owned by the plaintiffs. The site plan approval provided for an addition to the existing fire station as well as parking in the rear and a paved driveway. The application was approved by the Commissioner on June 12, 1991.
The plaintiffs contend they are aggrieved by the approval because the property failed to meet the lot size requirements, side yard requirements, and a landscaped buffer as set forth in the Zoning Regulations. The plaintiffs argue that 213-5 of the Zoning Regulations was amended on January 7, 1991 and the amendment thereafter required the property to meet the Site Plan standards of 213-55 before the property may be changed, altered or enlarged.
The record indicates the property is municipally owned and is used for a public purpose as a firehouse station. Section 213-5 of the Meriden Zoning Regulations provides that in accordance with 8-2 of the Connecticut General Statutes the Zoning Ordinance shall not apply to municipal property owned for public purposes, and it further provides:
 Any use of land, buildings or statutes and any building or structure existing prior to January 1, 1990, which was exempt from the operation of this ordinance by virtue of municipal ownership thereof, may continue after being subject to this ordinance. Any changes, alterations, enlargements or restoration of such use shall conform only to Section 1100 and all lot and bulk requirements of the zone in which such use is CT Page 7524 located, except the minimum yard and lot size requirements shall be two times that required in the zone in which the use is located. If such use is discontinued for a period of one year, the use of said property must, thereafter conform to all provisions of this ordinance.
This paragraph refers to changes in the use of the property, and the record indicates the use of the property as a municipally owned fire station never changed either prior to or subsequent to the amendment of Section 213-5 of the Zoning Regulations as claimed by the plaintiffs. Therefore since the property was exempt from the Zoning Regulations the Commission did not act illegally, arbitrarily or in abuse of its discretion in granting the approval of the site plan.
For the foregoing reasons the appeal is dismissed.
HOWARD F. ZOARSKI, JUDGE